NEW YORK CENTRAL RAILROAD CO. *v.* DETROIT, GRAND
HAVEN & MILWAUKEE RAILWAY CO.

CONTRACTS—CONSTRUCTION—EASEMENTS.

Contracts between two railroad companies owning ad-
joining parcels of land under which tracks and other
facilities were spread over both parcels for separate and
joint use of both parties construed, and *held*, to give de-
fendant company a perpetual easement in plaintiff's land♦
except upon certain contingencies which have not yet
arisen.[1]

Appeal from Wayne; Perkins (Willis B.), J., presid-
ing. Submitted June 6, 1924. (Docket No. 43.)
Decided October 6, 1924.

Bill by the New York Central Railroad Company
against the Detroit, Grand Haven & Milwaukee Rail-
way Company to terminate an easement in certain
property. From a decree for plaintiff, defendant ap-
peals. Reversed, and bill dismissed.

*Angell, Turner & Dyer,* for plaintiff.

*Harrison Geer* and *H. R. Martin,* for defendant.

CLARK, C. J. Defendant has appealed from a de-
cree denying its claim of a perpetual easement in land
of plaintiff. The question is on the construction of
two contracts. The words parties, plaintiff, and de-
fendant will include predecessors in title. Defendant
owned a parcel of land in Detroit between Atwater
street and the Detroit river and west of Hastings street
extended. Plaintiff owned another parcel east of and
adjoining that of defendant. The parties, on Novem-

[1]Railroads, 33 Cyc. p. 419.

ber 13, 1878, entered into a contract under which tracks and other facilities were spread over both parcels, some for the exclusive use of one party, some for the other, and some for use in common.  It was provided that the contract should continue in perpetuity, but that was not intended, for the contract also states, relative to a comparatively small part of plaintiff's parcel, that if at any time plaintiff

"shall determine to abandon, surrender and release this agreement, and the said rights and privileges, with all the tracks, buildings and superstructures,  *  *  * then  *  *  *  (defendant) shall purchase, and the (plaintiff) shall sell the same to it for the price or sum of fifty thousand dollars, to be paid within three months after notice of such determination to abandon and sell," etc.

and also that in case plaintiff determined to sell defendant was to have the first option to purchase the remainder of plaintiff's parcel on as favorable terms as to any other.

The contract made a division of expense for maintenance, taxes, etc., practically, it seems, in proportion to benefits, and it provided that plaintiff should pay thereunder perpetually.  Defendant, having acquired further land, in part east of and adjoining that of plaintiff and in part north of Atwater street, desired to rearrange its tracks and station grounds, and, in 1881, a second contract was entered into making a different spread of tracks, etc., over the whole tract so made up of the parcels aforesaid.  Under the new arrangement, plaintiff occupied the north and south parts of its main parcel, while the central part was occupied by defendant, by its main line tracks.

Plaintiff has decided to abandon the contract and to sell its land.  There is no question raised as to the part of plaintiff's parcel which it agreed to sell for $50,000, nor of the north and south parts of the remainder of its parcel, nor of plaintiff's right to

abandon, and to cease payments under the contract, but defendant's claim of perpetual easement relates to the said central part so crossed by its main line tracks.

Defendant's claim is based chiefly on a paragraph of the second contract.

"13. This agreement is to continue in perpetuity subject to the following contingency, namely, in case either of the parties hereto shall at any time hereafter be ousted from the possession of the premises and privileges hereby granted, or any part thereof, by reason of the foreclosure of any mortgage or mortgages, heretofore given by the other party hereto, upon any portion of the premises made subject to this agreement, or by the enforcement of any title to any portion of said premises paramount to the title of the other party hereto, then this agreement shall at the election of the party so ousted cease, and the parties hereto shall be remitted to their rights, as they now exist under said agreement of the thirteenth day of November, one thousand eight hundred and seventy-eight, as to the lands and premises therein described, and the Grand Haven Company to its rights in the whole of the said additional lands recently acquired."

And defendant contends that the contracts should be construed in view of the "circumstances attending the transaction, the situation of the parties, the state of the thing granted and the object to be attained."

Plaintiff contends, in effect, for a like rule of construction and it points out that the second contract also provided:

"The terms and provisions of the said agreement of the thirteenth day of November, one thousand eight hundred and seventy-eight, shall be, and are hereby modified and altered, wherein and in so far, as they conflict, or are inconsistent with the altered arrangements and provisions herein set forth, and in all other respects shall remain in force and apply to the premises as now arranged."

And it argues that the provision of the first con-

tract respecting its right to abandon was not modified by the second contract.

The contracts are lengthy and it will be neither prudent nor profitable to quote from them further. Paragraph thirteen, quoted, of the second contract, is plain and unambiguous and it loses no virtue because of any other language in such contract.     It fixes certain contingencies which have not arisen and upon which alone the contract might be terminated. It states distinctly that upon such contingencies the contract might cease and in that event the parties were to be remitted to their rights as they "now exist" under the first contract, and defendant was to have its full rights in the lands which it had then recently acquired.

Defendant therefore has a perpetual easement in the said central part to be defeated only upon the contingencies set forth in, and above quoted from, the second contract.     And, if resort were had to the facts and the quoted rule of construction applied, we would reach the same result.     Defendant's claim is not to be denied because it does not object to plaintiff's abandoning those provisions of the contract beneficial to plaintiff, nor because it does not demand performance of every provision of the contracts.     Consideration for the contracts was actual, and seemingly adequate, and the benefits were enjoyed by plaintiff as well as by defendant for many years.

Decree reversed and bill dismissed, with costs to defendant.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.